People v Ramos (2026 NY Slip Op 00846)

People v Ramos

2026 NY Slip Op 00846

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Ind. No. 70166/22|Appeal No. 5816|Case No. 2022-05097|

[*1]The People of the State of New York, Respondent,
vElias Ramos, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Danielle Godwin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered on November 1, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a jail term of six months and five years of probation, unanimously affirmed.
Defendant validly waived his right to appeal, since "the totality of the circumstances reveals that [he] understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Nevertheless, his facial constitutional challenge to New York's firearms licensing scheme premised on New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) survives the waiver (see People v Johnson — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). In any event, defendant has failed to establish that his indictment was unconstitutional, since only the "proper cause" requirement, which was severable, was the subject of Bruen, which struck it down, and the remainder of the statutory scheme still stands (id.).
As for defendant's constitutional claim concerning the licensing fees associated with the required license, we find that defendant has failed to establish that the fee requirement is unconstitutional since he has not shown that the fees were exorbitant or designed to prevent gun ownership (see Mills v N.Y.C., 758 F Supp 3d 250, 267 [SD NY 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026